UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bank of America, N.A., | ) C/A: 2:17-2617-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Nelson L. Bruce; South Carolina Housing Trust Fund; Charleston Area CDC; S.C. Housing Corp.; Capital Return Investments, LLC; Reminisce Homeowners Association, Inc., | ) |
| Defendants. | ) |

The pro se Defendant, Nelson L. Bruce (Bruce), filed a notice of removal on September 27, 2017, which purports to remove Civil Action No. 2016-CP-18-01678 from the Court of Common Pleas of Dorchester County, South Carolina.[1] Defendant Bruce asserts in his notice of removal that there are "violations against the civil and constitutional rights of this/these undersigned Defendant(s) in this cause" and that there are "certain issues within these state proceedings also giving independent rise to federal subject-matter jurisdiction". ECF No. 1 at 1. On October 18, 2017, Plaintiff Bank of America, N.A. (BOA) filed a motion to remand, arguing that removal is improper and there is no legal basis for federal jurisdiction. Defendant Bruce filed a response and objections to BOA's motion to remand on November 3, 2017.

---



[1] Although there are other defendants to the state court action, none of them signed the notice of removal.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined;" Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted); and the burden is on the removing defendant to establish subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

With respect to a removed case, the removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Here, Defendant Bruce asserts federal question jurisdiction as the basis for removal of this case. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

A careful review of the pleading in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the complaint reveals that it is solely based on state law. See ECF No. 1-1 at 6-11. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). While in his response to BOA's motion to remand, Defendant Bruce argues that all foreclosures involve federal laws, he fails to provide any authority to support this theory as a justification for removal. See ECF No. 9 at 1-2. He also asserts, without any supporting authority, that the Ninth and Tenth Amendments[2] allow this case to be heard in this Court. Id. at 2.

---

[2] The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people[]", and the Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amends. IX and X.



3

Defendant Bruce may also be attempting to assert defenses or counterclaims as a basis for establishing jurisdiction. However, defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."]; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)[stating "it is now settled law that a case may not be removed to federal court on the basis of a federal defense"]. Additionally, a counterclaim by a defendant also does not serve as a basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002); see also UTrue, Inc. v. Page One Sci., Inc., 457 F.Supp.2d 688, 690 (E.D.Va. 2006)[holding that a federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds, and noting "[m]oreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction."]; Cohn v. Charles, 857 F.Supp.2d 544, 548 (D.Md. 2012)[foreclosure proceeding was not removable, nor did it become removable when federal defenses were asserted or the counterclaim filed].[3]

Finally, to the extent that Defendant Bruce is actually attempting to instead assert diversity jurisdiction, he is precluded as a matter of law from removing this case on the basis of diversity of citizenship since he is a citizen of the state in which the action was brought (South Carolina). See 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of

---

[3]Given that this Court does not have original jurisdiction over the claim in state court, it also should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)

4



the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

Therefore, BOA's motion to remand should be granted on the basis that there is a lack of subject matter jurisdiction in this Court.[4] In the alternative, it is recommended that this action be remanded back to the state court sua sponte because this Court lacks subject matter jurisdiction (as discussed above).[5]

---

[4]BOA also argues that this case should be remanded because Defendant Bruce failed to file his notice of removal within 30 days of receipt of the Complaint. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b)(1). Bruce argues that he has not been served with the Complaint and appears to argue that, although he has viewed the Complaint "online," he has not received the Complaint "otherwise." ECF No. 9 at 5. The Supreme Court has found that because service of process is ordinarily necessary for personal jurisdiction, and defendants are "not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," formal service under state law is necessary to start the removal clock, see Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347–348 (1999), even where defendants actually received a copy of the complaint prior to service. Id. at 353–354 [finding informal receipt of a pre-service "courtesy copy" of a complaint insufficient to start the removal period]. Thus, the recommendation to remand is not based on any failure by Defendant Bruce to comply with 28 U.S.C. § 1446(b)(1).

[5]A district court is obligated to consider sua sponte whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).



## Conclusion

Based on the foregoing, it is recommended [6] that Plaintiff BOA's motion to remand (ECF No. 8) be granted based on lack of subject matter jurisdiction in this Court, and this case be **remanded** back to state court. In the alternative, it is recommended that this action be remanded sua sponte for lack of subject matter jurisdiction in this Court.

The parties are referred to the Notice Page attached hereto.

January 19, 2018
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

---

[6] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. See Jones v. Unison Ins. Co., No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) [Noting that Fourth Circuit has not addressed question of whether Magistrate Judge may issue remand orders in non-consent cases]; cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992); Stanion v. Staley, No. 16-750, 2016 WL 3629087 at * 1, n. 1 (D.N.C. June 29, 2016); William E. Smith Trucking, Inc. v. Rush Trucking Centers of North Carolina, Inc., No. 11-887, 2012 WL 214155, at * 2-6 (M.D.N.C. Jan. 24, 2012) [Analyzing relevant statutes and caselaw and finding that remand order is nondispositive]; Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), cert. denied, 541 U.S. 987 (2014)[unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court]. While the undersigned has issued orders of remand in some circumstances in non-pro se cases, in light of the Defendant Bruce's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that the Defendant Bruce can contest remand before the District Judge, if he so desires.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

