| | | |
|---|---|---|
| Bank of America, N.A, | ) | Case No. 2:17-cv-02611-RMG |
| | ) | DISTRICT OF SOUTH CAROLINA |
| Plaintiff, | ) | CHARLESTON, SC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Nelson L. Bruce; South Carolina Housing | ) | |
| Trust Fund; Charleston Area CDC; SC | ) | |
| Housing Corp.; Capital Return Investments, | ) | |
| LLC; Reminisce Homeowners Association, | ) | |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    Background

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 14) recommending that the Court grant Plaintiff Bank of America, N.A.'s ("BOA") Motion to Remand (Dkt. No. 8) and remand this action back to state court. The R. & R. alternatively recommends that the Court remand this action *sua sponte* for lack of subject matter jurisdiction. Defendant Nelson L. Bruce ("Bruce"), who proceeds *pro se*, filed objections to the R. & R. on February 2, 2018. (Dkt. No. 16.) For the reasons set forth below, the Court adopts the R. & R. as the Order of the Court. BOA's Motion to Remand (Dkt. No. 8) is granted, and this action is remanded to state court.

## II.    Facts

This case is a state foreclosure action of a mortgage on real property in Dorchester County, South Carolina. (Dkt. No. 1-1 ¶ 1.)

-1-

### III. Legal Standards

#### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In the absence of any specific objections to the R. & R., the Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

#### B. Motion to Remand

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.*,

407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

## IV. Discussion

In recommending remand, the R. & R. found that there is no basis for federal jurisdiction through diversity or federal question jurisdiction by noting that Bruce is precluded as a matter of law from asserting diversity jurisdiction because he is a citizen of South Carolina, the state in which the action was brought, examining the "well-pleaded complaint rule," and discounting Bruce's actual or anticipated defenses and counterclaims. (Dkt. No. 14 at 3–5.)

In his objections, Bruce, "does not object to the [R. & R.] overall but to certain statements" therein, contending that the Magistrate Judge erred by: (1) disregarding the applicable legal standard for federal question and federal jurisdiction; (2) ignoring the defenses and counterclaims involving the Constitution and laws of the United States; and (3) stating that Bruce fails to provide any authority to support his theory that federal question jurisdiction exists here because "all foreclosures involve federal laws[.]" (Dkt. No. 16 at 1, 8–9.) The Court reviews these objections under a *de novo* lens.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a civil action to the federal district court "embracing the place where such action is pending" if the action could have originally been filed there. 28 U.S.C. § 1441(a). A district court has original jurisdiction of a civil action: (1) through diversity jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[,]" 28 U.S.C. § 1332(a)(1); or (2) through federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In the present case, Bruce removed the case on the grounds of federal question jurisdiction, asserting violations of his "civil and constitutional rights" and "certain issues within

the[] state court proceedings also giving independent rise to federal subject-matter jurisdiction[.]" (Dkt. No. 1 at 1.) As the R. & R. correctly notes, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Accordingly, actual or anticipated defenses and counterclaims do not support federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Having reviewed the pleadings, R. & R., objections, and applicable law, the Court finds that the Magistrate Judge used the proper legal standard for federal question jurisdiction and properly ignored any actual or anticipated defenses and counterclaims. With respect to Bruce's contention that federal question exists because all foreclosures involve federal law, the R. & R. correctly notes that this is a state foreclosure action and the complaint is based solely on South Carolina state law. (*See* Dkt. No. 1-1 at 6–11.)

## V. Conclusion

For the reasons set forth above, the Court adopts the R. & R. as the Order of the Court. BOA's Motion to Remand (Dkt. No. 8) is GRANTED, and this action is remanded to state court

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February ___23___, 2018
Charleston, South Carolina