IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bank of America, N.A., | ) | Civil Action No. 2:17-2617-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Nelson L. Bruce, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the Court's order of February 26, 2018, which remanded this case to state court. For the reasons set forth below, the Court denies the motion to vacate.

I.  **Background**

This case is a state foreclosure action of a mortgage on real property in Dorchester County, South Carolina. (Dkt. No. 1-1 at ¶ 1.) On February 26, 2018, the Court granted Plaintiff Bank of America, N.A.'s motion to remand, as the Court lacked subject matter jurisdiction. (Dkt. No. 18.) Defendant Nelson L. Bruce now seeks relief from that judgment under Federal Rule of Civil Procedure 60(b). (Dkt. No. 31.)

II.  **Legal Standard**

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to [any] opposing party, and exceptional circumstances. After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). A court may relieve a party from a final judgment under Rule 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 510 (4th Cir. 2011). A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

### III. Discussion

Defendant fails to identify any reason that justifies granting his Rule 60 motion. This state foreclosure action is solely based on South Carolina state law, and any anticipated defenses or counterclaims cannot establish jurisdiction. Furthermore, the Defendant cannot remove this case based on diversity jurisdiction as he is a citizen of South Carolina,[1] the state in which the action was brought. All other arguments in his Rule 60 motion relate to the merits of his claims and therefore do not affect the Court's prior determination that it lacked jurisdiction.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to vacate (Dkt. No. 31.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 26, 2018
Charleston, South Carolina

---

[1] Defendant has not identified any other state in which he is a citizen and both the property subject to foreclosure and Defendant's address included on his filings with the Court are in South Carolina.